Charles R. McKAY, Petitioner,

v.

Matthew C. CARBERRY, Sheriff, City and County of San Francisco, Respondent.

No. 42703.

United States District Court
N. D. California, S. D.

Feb. 8, 1965.

Barkan & Stern, with Milton Stern, Jr., and Benjamin Barkan, San Francisco, Cal., for petitioner.

Thomas C. Lynch, Atty. Gen. of California, San Francisco, Cal., with Deputy Atty. Gen. Robert R. Granucci, for respondent.

WOLLENBERG, District Judge.

Petitioner was charged with a violation of Section 23102 of the California Vehicle Code. He retained as counsel William Gintjee. On April 8, 1963, he claims he was prepared to go to trial in the San Francisco Municipal Court. The trial was rescheduled for April 18, 1963, however, because of a congestion in the court calendar. On April 8, as a result of differences between them, the petitioner and Mr. Gintjee mutually agreed to terminate the attorney-client relation. On the morning of April 18, petitioner appeared at the offices of Barkan and Stern, attorneys at law, and asked that they take his case. They agreed and by and through Milton Stern, Jr. appeared later that day in court with petitioner.

Mr. Stern made a motion to set aside a waiver of jury previously agreed to by petitioner. After some argument and a check of the reporter's notes, the motion was denied. During this proceeding Mr. Stern discovered that the previous attorney, Mr. Gintjee, had not withdrawn from the case. Mr. Gintjee, who was present in court, requested permission to withdraw. He stated he had not previously had an opportunity to present such a motion to the court. Permission to withdraw was granted, and Barkan and Stern became attorneys of record. Mr. Stern then requested a continuance to prepare the case. He informed the court that his firm had only been retained that morning and he was not prepared to go to trial. The district attorney represented to the court that a continuance would greatly inconvenience the prosecution in that a key witness was a recently discharged Marine who was anxious to return to his out-of-state residence. The court then denied the continuance upon which event Mr. Stern requested and was given permission to withdraw from the case. The court suggested that petitioner be represented by the public defender but petitioner objected on the grounds that he had money to employ an attorney and because the public defender was no better prepared than Mr. Stern had been to go to trial immediately. Petitioner then represented himself at the trial wherein he was found guilty and sentenced to a jail term.[1] An appeal was taken to the appellate department of the Superior Court where the decision was affirmed. Subsequently, applications for writs of habeas corpus were denied by the Superior Court of the City and County of San Francisco, the District Court of Appeal and the California Supreme Court.

At present petitioner is at large pursuant to a stay of execution granted by the sentencing court. It is an open question as to whether petitioner is entitled to habeas corpus relief when he is not in actual physical custody. Assuming without deciding that this Court has jurisdiction to issue a writ of habeas corpus in the present circumstances it is necessary to determine on the merits whether petitioner is entitled to such relief.

The gravamen of petitioner's claim is that there should be a rule to

---

1. The entire sentence was thirty days in County jail, a fine of $276 or twenty-five days and three years suspension of petitioner's driver's license.

the effect that where a defendant appears in court for trial and the court permits a "prepared" attorney to withdraw and an "unprepared" attorney to be substituted the denial of a motion for continuance and insistence by the Court that the trial be immediately commenced is *per se* a violation of due process. The matter is not so simple. Continuances and other matters of calendaring are within the discretion of the court. Torres v. United States, 270 F.2d 252, 253–255 (9th Cir. 1959). The crucial question is not whether certain kinds of action should not be taken at certain times by various courts but whether in the circumstances of a particular case there was an abuse of discretion by the trial court which resulted in a violation of due process.

The circumstances of this case were that an experienced [2] defendant appeared in court on the day scheduled for trial with a "prepared" attorney he was unhappy with and an "unprepared" attorney he wished to represent him. If petitioner's rigid rule of due process were to be adopted in effect petitioner had presented the court with a *fait accompli:* it could have forced petitioner to go to trial with unsatisfactory counsel, in itself perhaps a violation of due process, or it could have granted a continuance. Under the circumstances of this case such a continuance could well have resulted in the impossibility of ever bringing petitioner to trial since a key witness would likely have become unavailable. If petitioner's rule were to be adopted it could be confidently expected that other defendants similarly situated would avail themselves of this ploy to escape prosecution.

This is of course not to say that circumstances might not arise where to deny a continuance would be a violation of due process. If there were no prejudice to the prosecution and no crowding of the court calendar a due process argument might be made. More significantly, if the defendant could make a showing that the predicament he finds himself in on the day of trial is through no fault of his own then due process would be violated to force him to go to trial with unsatisfactory or unprepared counsel.

Petitioner's attorney himself suggested during oral argument and in his brief what circumstances might have excused petitioner's delay. He might have been too ill to seek alternative counsel or he might have been unable to secure an attorney willing to accept a fee within his means. A positive showing of these or similar facts might have raised a due process issue. However, at no time during the state court proceedings did petitioner offer to make such a showing.

Petitioner argues that the burden was on the trial judge to inquire as to whether the failure to secure another attorney at an earlier time was excusable. Perhaps where a defendant does not appear capable of fully presenting his excuse the court is under a duty to make such inquiry. However, in this case not only was petitioner apparently able to volunteer such a defense but in addition he was represented by counsel who could have and should have advanced such an argument, if one existed, to justify the granting of a continuance.

Without deciding whether it would have been sufficiently timely for petitioner to present evidence for the first time before this Court excusing his failure to secure counsel the fact is this Court invited him to introduce such testimony at the hearing herein. This petitioner refused to do. It must be assumed therefore that petitioner's delay was inexcusable. Consequently, it cannot be said that the state trial court abused its discretion in refusing a continuance.

Accordingly, the petition for a writ of habeas corpus is hereby denied.

2. See Reporter's transcript of the trial pp. 38–42.