Larry Vernon ARNDT, A–82208L,
Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 66–C–151.

United States District Court
E. D. Wisconsin.

July 13, 1966.

Larry Vernon Arndt, pro se.

James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for the United States.

## OPINION AND ORDER

GRUBB, Senior District Judge.

Petitioner has moved for vacation of judgment of conviction and sentence imposed thereon on the grounds that he was denied the effective assistance of counsel and that the court erred in denying a severance or postponement of trial to permit counsel to prepare the case and to obtain witnesses for the defense. Petitioner has submitted a brief in support of his motion and the government has filed a response thereto.

The files and records in the underlying criminal proceedings disclose the following facts. Petitioner was charged in one count of a multi-count indictment filed April 14, 1964, with a violation of Section 1708, Title 18 U.S.C.A., mail theft. A total of eight persons were charged in the indictment. On arraignment and plea on May 11, 1964, petitioner while represented by retained counsel, Attorney Peter Wills, entered a plea of not guilty.

Two of the defendants having pleaded guilty, notice was sent to the remaining parties, including petitioner, and their counsel on June 8, 1964, setting the case for jury trial at 10:00 A.M., July 28, 1964. Thereafter, another defendant who was represented by Attorney Philip Murphy withdrew his plea of not guilty and entered a plea of guilty. All of the remaining defendants, except petitioner, waived trial by jury.

On July 27, 1964, petitioner appeared before the court with Attorney Peter Wills. Mr. Wills requested permission to withdraw from the case. He informed the court that he had been working with petitioner for some weeks; that they were operating under the assumption that there would be a change of plea, but that petitioner had had a change of heart and apparently no longer had confidence in his attorney's opinion and did not choose to follow his advice. The Assistant United States Attorney advised the court that he had been under the impression that petitioner would not go to trial and objected to any delay in the trial involving the four additional defendants, all of whom had waived a jury.

The court informed petitioner that all of the defendants who were scheduled for trial the next day had separate attorneys, that the calendar could not be rearranged. The case would have to be tried as scheduled. The court further told Mr. Wills to stay in the case if petitioner could not get another lawyer.

The case was called for trial as scheduled on July 28, 1964. Petitioner and the attorney he had retained, Mr. Philip Murphy, requested the court for a postponement to permit counsel to prepare the case. Mr. Murphy advised the court that he had met petitioner the previous evening at 9:00 P.M. and that his office had some conversations with petitioner that evening and the morning of the trial. The motion was denied. Petitioner then waived jury, the case proceeded to trial and petitioner and three of his co-defendants were found and adjudged guilty as charged, on July 31, 1964.

No motion for severance was made on behalf of petitioner at any time, nor were any grounds advanced for a separate trial.

On the facts, as they appear from the documents and files in this case including the transcripts of the pertinent hearings, it appears conclusively that petitioner is not entitled to the relief requested.

The case involving multiple defendants had been scheduled for trial approximately six weeks in advance. During this time, petitioner and his counsel had gone on the assumption that petitioner would withdraw his plea of not guilty and had so apprised the government. It was not until the day before the trial was to commence that petitioner indicated that he had changed his mind, apparently against the advice of counsel, and made efforts to secure a lawyer who would represent him on the trial. Mr. Murphy, who entered an appearance for petitioner on the trial, was not unfamiliar with the case since he represented one of the other defendants who pleaded guilty.

■ The matter of a continuance is within the discretion of the trial court. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); United States v. Mathison, 239 F.2d 358 (7th Cir. 1956); United States v. Yager, 220 F.2d 795 (7th Cir. 1955), cert. den. 349 U.S. 963, 75 S.Ct. 895, 99 L.Ed. 1285; McKay v. Carberry, 238 F.Supp. 856 (N.D.Cal. 1965).

■ Petitioner's mere allegation that additional time was necessary to prepare his defense does not establish that he was prejudiced by going to trial with counsel with whom he conferred the evening preceding the trial and the morning before commencement of proceedings in court and who was familiar with the case. The situation in which petitioner found himself on the trial came about by his own conduct. In view of the congested calendar of this court and the inconvenience to the government and other parties and counsel in shifting the date of trial which had been noted six weeks in advance in a multiple-defendant, multi-

count indictment case, no denial of due process has been shown in the refusal to grant a continuance in the case. Ungar v. Sarafite, supra, 376 U.S. at 589, 590, 84 S.Ct. 841. Petitioner has failed to sustain the burden of showing that he was denied the effective assistance of counsel in the proceedings underlying judgment of conviction. Rodriguez v. Hanchey, 359 F.2d 724, 727 (5th Cir. 1966).

For the foregoing reasons, the motion to vacate judgment must be and it is hereby denied.