**Howard Clifford MOORE, Petitioner,**

v.

**Clarence T. GLADDEN, Warden of the Oregon State Penitentiary, Respondent.**

**Civ. No. 66–552.**

United States District Court
D. Oregon.

Oct. 27, 1967.

Jonathan A. Ater, Portland, Or., for petitioner.

Robert Y. Thornton, Atty. Gen., of Oregon, David H. Blunt, Asst. Atty. Gen., Salem, Or., for respondent.

## OPINION

SOLOMON, Chief Judge:

Howard Clifford Moore, a prisoner in the Oregon State Penitentiary, seeks a writ of habeas corpus to set aside two consecutive ten year sentences entered October 30, 1959, by the Linn County, Oregon, Circuit Court on Moore's guilty plea to two counts of grand larceny. Moore contends that his federal constitutional rights were violated because the Linn County District Attorney induced him, while unrepresented, to plead guilty to these charges by threatening to prosecute him on additional charges and by promising to recommend a suspended sentence for his wife and stepdaughter who were charged on related offenses. Moore also asserts that his constitutional rights were violated because he was unlawfully returned to Oregon following his transfer to Colorado in connection with the prosecution of crimes there.

Moore's petition for post-conviction relief in the Oregon Courts was denied. Moore v. Gladden, 83 Or.Adv.Sh. 119, 418 P.2d 256 (1966). This case is before me on the agreed facts in the pretrial order, the transcript of Moore's arraignment, the transcript of the hearing on

Moore's petition for State post-conviction relief, and the hearing in this action.

On Friday, October, 23, 1959, the Salem Police informed the Albany Police that Moore's stepdaughter (who lived with Moore) had sold some stolen firearms in Salem. Based on this information, the Albany Police obtained a search warrant, searched Moore's house, and discovered guns, ammunition, tools, food, and other stolen property worth approximately $8,000. The police arrested Moore on a charge of possession of stolen property at about 5:30 P.M. on October 24, when he returned home. At the same time the police arrested Moore's wife and son as well as his stepdaughter and her husband.

The police took Moore to the Albany City Police Station, where Chief Ray Maddy questioned him. Maddy advised Moore of his right to counsel and Moore replied, "Ray, don't worry about that. I have gone through this before. I wasn't a policeman all these years for nothing." Maddy also advised Moore that any statement he made could be used against him in court. Moore replied, "I know that. I worked for the Arapahoe County Sheriff's Office and we had a lot of criminals." Prior to his arrest, Moore had been a deputy sheriff in Colorado in the civil department and for a short time had served as acting chief of police in Brownsville, Oregon.

That night Moore admitted his participation in sixteen Oregon burglaries and his connection with approximately forty burglaries which he and other law enforcement officials committed from March, 1956, to August, 1958, while he was deputy sheriff in Colorado. During the interrogation, Moore, who had an ulcer, requested a quart of milk. The police furnished it to him. Moore was talkative and did not appear to be in any pain from his ulcer.

Based on Moore's admissions, the District Attorney on Monday, October 26, dismissed the possession charge, and charged Moore on two counts of larceny. He charged Moore's son on one count of larceny, and Moore's wife and stepdaughter on one count of possession of stolen property.

Moore remained in jail until Monday, October, 26, when he was hospitalized for ulcers. The hospital released Moore on October 28, and Moore returned to jail.

Moore asserts that when he was returned to jail, the District Attorney visited him and agreed to recommend a suspended sentence for his wife and stepdaughter and only charge him on two counts if he would waive indictment and counsel and would plead guilty.

The District Attorney testified that he visited Moore to inform him that he intended to prosecute him on two counts of larceny. It was obvious to Moore that he could be prosecuted for numerous other crimes. Moore was told that he was entitled to have his case presented to the grand jury if he desired. Moore said that he understood this procedure and would waive indictment. The District Attorney also testified that he told Moore that because of the nature and extent of his crimes he would probably receive a long prison sentence, but that he would probably recommend probation for Moore's wife and stepdaughter.

Moore told the District Attorney that he "wanted to go to court and get it over with." The arraignment was scheduled for Friday, October 30, at 1:30 P.M.

At the arraignment the District Attorney stated, "The defendant Donald Collins is represented by his attorney * * * and the other defendants have indicated that they do not desire to have an attorney represent them. All have indicated that they would like to waive indictment, sign a written waiver to that effect, and proceed on an information which would charge them jointly with the crime of grand larceny." The Court, having determined that the defendants were without funds, stated, "Then I will make this explanation to you: That where men come into court accused of a felony, such as this accusation is, and you have no funds to hire a lawyer and want one, then the court will appoint

one for you at the expense of the county. Do you want the court to do that?" Moore replied that he did not. The Court then explained the grand jury procedure and Moore's right to indictment. After Moore stated that he wished to waive indictment, the Court accepted waivers that had been signed by the defendants. The informations were read to Moore and he entered pleas of guilty to both counts.

Prior to sentencing, the District Attorney made a long statement describing in detail the numerous crimes committed by Moore and his relatives while he was a deputy sheriff in Colorado and after Moore had moved to Oregon. The Court then asked Moore if he had anything to say, and he replied, "Just guilty, your Honor." Moore then added, "I think that the officers have been very nice to all of us, and I think they should be commended for the way they treated everybody concerning this matter; and I am very sorry—and that is about all I have to say—that it ever happened."

Moore raises four issues in this Court. He contends (1) that he was unlawfully returned to Oregon following his unlawful transfer to Colorado in connection with the prosecution of numerous crimes in Colorado; (2) that he was deprived of his constitutional right to counsel because the District Attorney negotiated his guilty plea; (3) that he was denied his constitutional right to counsel when he signed the waiver of indictment; and (4) that his waiver of counsel and indictment and guilty plea were not voluntary or intelligent.

■ There is no merit in Moore's first contention. Moore was properly transferred to Colorado for the investigation and prosecution of approximately forty burglaries committed there, to which he had confessed. Moore was properly returned to the Oregon State Penitentiary to continue serving his sentence after he was no longer needed in Colorado. Both transfers were proper. ORS 421.282–421.294. Moore's constitutional rights were not abridged by these transfers.

Moore asserts that the District Attorney negotiated a guilty plea with him while he was unrepresented. Moore is entitled to relief if the District Attorney bargained with him in the absence of counsel. Lorraine v. Gladden, 261 F. Supp. 909 (D.Or.1966); Anderson v. State of North Carolina, 221 F.Supp. 930 (W.D.N.C.1963). Moore is not entitled to relief if there were no threats or bargains.

The District Attorney filed the charges against Moore and members of his family, on which they entered pleas, on Monday. This was two days before the alleged threats and bargain. The District Attorney testified that he had decided to recommend probation for Moore's wife and stepdaughter before he talked with Moore. He told Moore what charges were filed against him and what sentences he intended to recommend so that Moore could plan his future action; Moore told the District Attorney that he did not want counsel and that he wanted to go to court and get it over with. At the time of sentencing, Moore did not act like a man who was entering pleas of guilty because of a bargain or a threat. Moore's admission of guilt and his statement commending the police are inconsistent with his present claim of coercion.

■ I do not approve of a District Attorney visiting an accused while he is unrepresented, and a court must carefully scrutinize such action to determine that he made no threats or bargains. Nevertheless, the mere fact that the District Attorney visited Moore and told him what he intended to do was not sufficient to taint the plea which Moore subsequently entered. In this case I am satisfied that Moore entered guilty pleas freely and voluntarily and not as the result of any threats or bargains made by the District Attorney.

■ Moore also contends that he was deprived of his constitutional right to counsel when he signed the waiver of indictment. Both the District Attorney and the Court explained the grand jury procedure to Moore and told Moore that

he had the right to have his case presented to the grand jury. In addition to these explanations, Moore, because of his experience as a law enforcement officer, understood his rights. Moore informed the Court that he wanted to waive indictment. The fact that the waiver may have been signed prior to arraignment is irrelevant in this case. Moore understood his rights, and he voluntarily and intelligently waived them.

Finally, Moore contends that his waiver of counsel and plea of guilty were not voluntary or intelligent. The Court told Moore that he was entitled to and offered to appoint counsel; Moore stated that he did not want counsel. After the indictment was read, Moore entered his pleas of guilty.

Moore had been a deputy sheriff for two and one-half years, and he had served as chief of police in Brownsville, Oregon. His statements to the police immediately after his arrest show that he understood the rights of an accused.

I find that Moore understood the nature of the charges against him. Larceny is not an involved offense and can commonly be described as stealing; the elements of this charge, particularly in light of Moore's background, were well known to him.

A judge cannot accept a guilty plea from a defendant unless he determines from all the facts and circumstances of the case that the plea is voluntary and intelligent. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.2d 309 (1948). When the trial judge does not know any of the facts and circumstances of the alleged crime, he cannot make a meaningful determination that the defendant's plea is voluntary and intelligent. McWilliams v. Randall, D. Or., 275 F.Supp. 700.

In this case the judge knew the facts and circumstances of the crimes with which Moore was charged. The District Attorney described in detail the numerous crimes committed by Moore and the basis upon which the arrests were made. Moore's admission of guilt, together with his commendation of the police for the manner in which they treated him and the members of his family, particularly when considered in light of Moore's background, show that his waivers of counsel and indictment and his pleas of guilty were voluntary and intelligent.

I find that all of Moore's contentions are without merit.

This opinion will serve as findings of fact and conclusions of law pursuant to Rule 52(a), Federal Rules of Civil Procedure.

The petition for a writ of habeas corpus is denied.