**Virgil Jack CAFFEY, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 17919-3.**

United States District Court,
W. D. Missouri, W. D.

Feb. 6, 1970.

**17**

Virgil Jack Caffey, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of habeas corpus adjudicating as invalid his state conviction for stealing over fifty dollars. Leave to proceed in forma pauperis has been previously granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Randolph County of stealing over $50; that he was sentenced on that conviction on October 10, 1967, to a term of ten years' imprisonment; that he appealed the judgment of conviction and imposition of sentence to the Missouri Supreme Court; that the Missouri Supreme Court affirmed the conviction and sentence (State v. Caffey, Mo., 438 S.W. 2d 167); and that petitioner was represented by counsel at his arraignment and plea, his trial, his sentencing and on appeal, although not on preparation, presentation or consideration of any postconviction motion, petition or application.

Petitioner states the following as grounds for his contention that his state conviction was secured in violation of his federally protected rights:

"(a) Petitioner was denied his Sixth Amendment right to a speedy trial.

"(b) Petitioner was denied his Sixth Amendment Right to the effective assistance of counsel."

Petitioner states the following as facts supporting the above grounds:

"On July 18, 1966, petitioner was taken before the magistrate court of Randolph County, Missouri, to answer a complaint charging the offense of stealing over $50.

"Petitioner requested an immediate preliminary hearing and the assistance of counsel. Petitioner was then remanded to the custody of the Sheriff of Randolph County to await appointment of counsel and the preliminary hearing. From the date of July 18, 1966 to July 6, 1967, petitioner was confined in the Randolph County Jail.

"Without notice to or consent of petitioner, the cause was continued from July 19, 1966 to May 16, 1967, during which time petitioner was without the assistance of counsel.

"Between the dates of May 16, 1967 and June 14, 1967, counsel was appointed but the cause was continued several times over the objection of defendant.

"It is petitioner's contention that because he was without the assistance of counsel for the period in question he was effectively denied his constitutional and statutory rights to a speedy trial; and that because he was denied a speedy trial under the U. S. Constitution and Missouri statutes, *he failed to receive his Sixth Amendment right to the effective assistance of counsel ultimately appointed.*" (Emphasis added)

Since, if petitioner's statements were true and his contentions well-founded, his conviction may have been secured in violation of his federally protected rights, the show cause order of this Court issued on December 23, 1969. Respondent's response was filed on Janu-

ary 12, 1970. Respondent asserted therein, in part, that:

"[P]etitioner has not exhausted his remedies available in the state courts of Missouri with reference to the second allegation of his petition for writ of habeas corpus, namely, 'Petitioner was denied his Sixth Amendment right to the effective assistance of counsel.' While it is apparent that such a claim is closely related to his allegation of a denial of a speedy trial, nonetheless, he did not assert the denial of effective assistance of counsel as one of the grounds upon which he sought relief in the Supreme Court of Missouri upon direct appeal. Therefore, we submit that he has not exhausted his available state remedies with regard to this allegation."

Petitioner filed his traverse to the response, on January 21, 1970. Petitioner therein stated that it was his contention "that his available state remedies have been exhausted as to this second allegation [of denial of effective assistance of counsel] as well" and that:

"The facts and grounds for relief [on that issue] were known to the trial court (pp. 6 to 42, 109 to 111, Resp. Ex. "A"); and were set forth in Appellant's Brief on Appeal at point II and II(a), (Resp. Ex. 'B')."

The cited portions of the trial transcript, however, contain no objections or contentions specifically on the independent ground on denial of effective assistance of counsel. Further, the "motion to dismiss" by defendant mentioned only the denial of petitioner's right to a speedy trial. The "Motion in bar of prosecution" (upon which the hearing reported in pages 6 to 42 of the transcript was held) complained only of the failure to grant an immediate preliminary hearing, and neither motion made any reference to the denial of effective assistance of counsel. The material reported at pages 109 to 111 of the transcript is comprised of (1) a letter dated May 3, 1967, to the Randolph County Magistrate in which petitioner stated that he requested the appointment of counsel on July 18, 1966, and asking that the letter be considered as a petition for a writ of habeas corpus releasing him prior to trial on the grounds that it had been nine and one-half months since he demanded an "immediate preliminary hearing" and (2) a letter dated May 15, 1967, transmitting the letter of May 3, 1967, which had originally been addressed to the magistrate, to the trial judge. But there is no showing that the letter of May 3 was ever considered as an application for habeas corpus, or considered, or denied, on its merits by the trial judge. Further, points II and II(a), cited by petitioner on appeal, were as follows:

"II. The trial court erred to the substantial prejudice of the appellant in overruling the defendant's Motion to Dismiss and his Motion In Bar [of] Prosecution, filed prior to the trial of this cause, in that the court was without competent jurisdiction to proceed further by reason of the refusal of the magistrate court to make an effective assignment of counsel to the prejudice of the defendant's right to a speedy trial as guaranteed by the U. S. Constitution's 14th Amendment Due Process Clause and the 6th Amendment's Speedy Trial Clause, and Article 1 Section 18(a) of the Constitution of Missouri, 1945.

"Sigler v. Bird, [8 Cir.] 354 F.2d 694 (1966)
Lorraine v. Gladden, [D.C.] 261 F. Supp. 909 (1966)
Griffin v. Illinois, 351 U.S. 12 [76 S.Ct. 585, 100 L.Ed. 891, 55 A.L. R.2d 1055]
Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 [9 L.Ed.2d 799, 93 A.L.R.2d 733]
McKay v. Carberry, [D.C.] 238 F. Supp. 856 (1965)
State v. Maxwell, [Mo.] 411 S.W.2d 237

"(A) The magistrate court's refusal to provide counsel as guaranteed by the U. S. Constitution's 6th and 14th Amendments substantially prejudiced the defendant's right to a speedy trial

under the provisions of sections 222.-080 and 222.100 RSMo, 1959, for the reason that counsel was appointed too late to make an effective application for relief under the aforementioned statutes.

"Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157 [7 L.Ed.2d 114]

White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050 [10 L.Ed.2d 193]

State v. Turley, [Mo.] 416 S.W.2d 75 (dissenting opinion)

Authorities, Point II, supra

Section 222.080, RSMo, 1959

Section 222.100, RSMo, 1959

S.C. Rule 23.02"

It appears clearly that the alleged denial of effective assistance of counsel was raised in the Missouri Supreme Court only as a subordinate factual contention in support of the assertion that petitioner was not accorded his right to a speedy trial. This conclusion is supported by a reading of the "argument" of petitioner's brief on appeal, where petitioner relies upon the "refusal of the magistrate court to assign counsel" only as it effected "substantial prejudice of the defendant's right to a speedy trial." Petitioner states in the "argument" of his brief that he "was disadvantaged by the refusal of the magistrate court to appoint counsel to press his cause for a speedy trial" and that, by the time counsel was appointed and trial held, the absence of "evidence and witnesses for the defense * * * at that late date" had already prejudiced him in his trial. Petitioner concludes that "[i]n the instant case the defendant's constitutional right to a fair and speedy trial were (sic) irretrievably lost due to the failure of the magistrate court to make an effective *assignment* of counsel." (Emphasis added)

Further, petitioner did not cite in his brief in the Missouri Supreme Court the cases or legal standards applicable to a contention of denial of effective assistance of counsel, but only cited cases relating to the right to counsel at critical stages of criminal proceedings (a ground which he does not seek to raise independently in the petition in this case). He argued that such a denial was instrumental in the denial of a speedy trial. The state trial court and the Missouri Supreme Court, then, were justified in treating his complaint as one of denial of counsel at a critical stage of the proceedings against him as limited to the issue of his right to a speedy trial. Accordingly, the state courts did not apply the federal standards which were applicable to the issue of effective assistance of counsel. On the issues as raised by petitioner, the Missouri Supreme Court concluded as follows:

"Caffey contends that his arraignment before the magistrate was a critical stage of the proceedings and that he was disadvantaged by the refusal of the magistrate court to appoint counsel, who could have protected his constitutional rights, pressed for an immediate preliminary examination and insured a speedy trial. While the magistrate did not refuse to appoint counsel [but did on July 19, 1966 make an appointment of record] the appointment made was not effective because the magistrate failed to notify either the lawyer or the prisoner of the fact for a period of nearly ten months. When he made the order it was the duty of the magistrate promptly to inform Caffey and the lawyer of the appointment. His failure to do so was a frustration of Caffey's rights, but whether due to neglect of duty or malevolence this is not shown to have prejudiced Caffey in the conduct of the preliminary examination on June 14, 1967 or to have affected the fairness of his trial on October 11, 1967. He had competent counsel immediately prior to and at the preliminary examination (until he fell into disagreement with appointed counsel and elected to proceed in his own behalf) and he was afforded competent counsel at the trial.

"Caffey suggests that if counsel had been provided him when requested his counsel could have applied for relief under § 222.080, RSMo 1959,

V.A.M.S., which provides that any person imprisoned in a correctional institution may request a final disposition of any untried indictment or information pending against him while so imprisoned, and § 222.100 idem, which provides for the dismissal with prejudice of any untried indictment or information if he is not brought to trial within 180 days after request, etc. This relief, however, could not have been afforded Caffey for the reason that these sections have no application to preliminary examinations. By their terms they apply only to untried indictments and informations. There was no untried information until July 5, 1967, on which date Marion Lamb was appointed counsel for Caffey." 438 S.W.2d at 173.

Petitioner now, by his reference to pages 6 to 42 of the trial court's hearing on his "motion in bar of prosecution" attempts to call the court's attention, in his traverse, not only to delay in the "effective *assignment* of counsel" (emphasis added) as he termed it in his brief in the Missouri Supreme Court, but to other possible evidence of ineffective assistance of counsel—the later appointment and dismissal of several attorneys by petitioner (Tr. 4, 19, 20); and his testimony that several *alibi* witnesses would have been available to him in July and August of 1966 (Tr. 22), one of whose addresses was known to him (Tr. 23). Petitioner further specifically contends in his petition in this case that he was denied the effective assistance of counsel "ultimately appointed." Since, however, petitioner has neither raised nor briefed this contention in the Missouri Supreme Court as a legal contention, his state remedies remain unexhausted in respect of it and the contention cannot therefore be considered by this Court at this time. It is obvious that petitioner may have substantial undeveloped claims which may invalidate his conviction. But they have not been properly submitted to the state trial courts for a postconviction evidentiary hearing under Missouri Criminal Rule 27.26, V.A.M.R. so that the circumstances of the apparent neglect of his case could be developed. A postconviction evidentiary hearing in the state court may support his federal claims or may not support them. Petitioner has a currently available state postconviction remedy under Rule 27.26 which he has not exhausted.

Petitioner should therefore file a motion to vacate his sentence under Missouri Criminal Rule 27.26 in the state trial court in which he raises all the grounds and presents all evidence known to him for his contention that his state conviction was secured in violation of his federally protected rights. Dixon v. Missouri (W.D.Mo.) 295 F. Supp. 170; Richardson v. Swenson (W. D.Mo.) 293 F.Supp. 275; White v. Swenson (W.D.Mo.) 261 F.Supp. 42. If and when the state trial court determines all these contentions adversely to petitioner, he should appeal any such adverse decision to the Missouri Supreme Court. Only after the Missouri Supreme Court has ruled on the merits of petitioner's contentions adversely to him can petitioner's state remedies be regarded as exhausted with respect to the contentions and supporting evidence presented in the state trial court and the Missouri Supreme Court. Section 2254, Title 28, U. S.C.; Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837; Baines v. Swenson (C.A. 8) 384 F.2d 621; Collins v. Swenson (C.A. 8) 384 F.2d 623; Hooper v. Nash (C.A. 8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768; White v. Swenson, *supra*; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196; Richardson v. Swenson, *supra*; Dixon v. Missouri, *supra*. The federal district court should not attempt piecemeal adjudications of a petitioner's several contentions that his state conviction was secured in violation of his federally protected rights. White v. Swenson, *supra*; Richardson v. Swenson, *supra*; Dixon v. Missouri, *supra*.

It is therefore

Ordered that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.