**Jack Virgil CAFFEY, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 19205–3.**

United States District Court,
W. D. Missouri, W. D.

March 19, 1971.

Jack Virgil Caffey, pro se.

No appearance for respondent.

ORDER GRANTING PETITIONER
 LEAVE TO PROCEED IN FORMA
 PAUPERIS AND JUDGMENT
 DISMISSING PETITION FOR
 HABEAS CORPUS WITHOUT
 PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus adjudicating as invalid his state conviction of stealing over $50. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Randolph County of stealing over $50; that he was sentenced on that conviction on October 10, 1967, to a term of 10 years' imprisonment; that he appealed from the judgment of conviction and imposition of sentence; that the Mis-souri Supreme Court affirmed the judgment of the trial court on appeal (State v. Caffey, Mo., 438 S.W.2d 167); that petitioner then sought a writ of certiorari from the United States Supreme Court, but certiorari was denied in Caffey v. Missouri, 396 U.S. 853, 90 S.Ct. 114, 24 L.Ed.2d 102; that petitioner then filed a petition for habeas corpus in this Court which was denied on February 6, 1970, for failure of petitioner to exhaust his state remedies with respect to the contention of denial of effective assistance of counsel (Caffey v. Swenson (W.D.Mo.) 310 F.Supp. 16, Civil Action No. 17919-3); that petitioner then filed a motion to vacate his sentence under Missouri Criminal Rule 27.26 in the state trial court (in which he raised the issue of assistance of counsel), which was overruled on February 19, 1970; that petitioner appealed the overruling of his Rule 27.26 motion to the Missouri Supreme Court; that petitioner filed a petition for mandamus in the Missouri Supreme Court which was denied on March 9, 1970; that petitioner then again petitioned for habeas corpus in this Court and the petition was denied on March 23, 1970, for failure to exhaust state remedies because of the pendency of the appeal from the overruling of the Rule 27.26 motion (Caffey v. Swenson (W.D.Mo.) Civil Action No. 18183-3); that petitioner then filed a petition for habeas corpus in the Missouri Supreme Court, which was denied on April 13, 1970; that, on April 13, 1970, he also filed in the Missouri Supreme Court a motion to remand which was denied; that petitioner then again petitioned in this Court for habeas corpus, and again the petition was denied for failure to exhaust state remedies (Caffey v. Swenson (W.D.Mo.) Civil Action No. 18301-3); that on December 14, 1970, the Missouri Supreme Court reversed the judgment of the state trial court overruling petitioner's Rule 27.26 motion and remanded the cause to the state trial court; that on March 9, 1971, the state trial court again overruled petitioner's Rule 27.26; and that on March 13, 1971,

petitioner appealed that judgment to the Missouri Supreme Court, which appeal is still pending.

Petitioner states the following as grounds for his contention that his custody is unlawful:

"Petitioner was denied his Sixth Amendment right to a speedy trial.

"Petitioner was denied his Sixth Amendment right to the effective assistance of counsel."

These are the same grounds which petitioner has raised in his prior petitions for habeas corpus in this Court, Civil Actions Nos. 17919–3, 18183–3, and 18301–3, *supra*. In all of the prior petitions, as in the one at bar, petitioner has attempted to invoke federal habeas corpus jurisdiction without exhausting state remedies. In the petition at bar, however, petitioner alleges different reasons for his contention that state remedies are inadequate and ineffective to protect his federal rights:

"On the date of February 16, 1971, following remand from the Supreme Court of Missouri directing the trial court to hold a hearing and make findings and conclusions on the grounds raised in Cause No. 21383, an evidentiary hearing under S.C. Rule 27.26 was held in the Circuit Court of Randolph County, Missouri, on petitioner's allegations that he was denied his Sixth Amendment right to a speedy trial and his Sixth Amendment right to the effective assistance of counsel.

"Petitioner testified that during the period he was confined in the Randolph County Jail without the assistance of counsel the testimony of two defense witnesses became unavailable; that his father died in October, 1966; and that another witness known only as 'Spanky' disappeared. That these two witnesses would have testified that petitioner obtained possession of a sum of money during March, 1966, and was still in possession of the money in its original form in April 1966, prior to the time he was charged with an alleged theft of a similar amount and description of money on April 25, 1966.

"Petitioner further testified that his trial counsel, Mr. Marion Lamb of Moberly, Missouri, did not advise him that he would have to bear the burden of proving that the lack of counsel and delay of the preliminary hearing from July 18, 1966, to June 14, 1967, had prevented him from presenting a valid defense at his trial, thereby denying him a fair trial. Petitioner testified that if counsel had so advised him that he would have given testimony at a pretrial hearing concerning his unavailable witnesses and the testimony they would have given in his behalf if they had been available or if their testimony had been preserved.

"The state did not challenge this testimony and petitioner's former counsel, Mr. Marion Lamb, of Moberly, Missouri, was not called as a witness in the case although the state gave no reason for not calling counsel.

"On the date of March 9, 1971, the Circuit Court of Randolph County, Missouri, made findings of fact and conclusions of law in the case. The court found that there was 'no credible evidence to show that movant's trial attorney did not advise him that he should assume the burden of proof and present evidence in support of his pretrial motion.'

\*     \*     \*     \*     \*     \*

"Petitioner's state remedies are exhausted within the meaning of § 2254 (b) by reason of 'the existence of circumstances rendering such process (Rule 27.26) ineffective to protect the rights of the prisoner.

"In Crosswhite v. State [Mo.,] 426 S.W.2d 67, the Missouri Supreme Court had before it a case wherein the post-conviction proceedings were conducted in the identical manner followed in this case. In that case, petitioner's allegations were supported only by his own sworn testimony, the

testimony was not contradicted and petitioner's appointed counsel were not called to testify. In *Crosswhite*, the Missouri Supreme Court held that 'the record does not contain proof that the attorney did not talk to the witnesses whose names were given to them.'

"The *precise* burden of proof rule approved by the Missouri Supreme Court in *Crosswhite*, supra, has been applied in petitioner's Rule 27.26 hearing. It is not reasonable to expect the Supreme Court of Missouri will reach a different result in this case and further exhaustion of state remedies would be both futile and a further denial of petitioner's Speedy Trial rights. Evans v. Cunningham [C.A. 4,] 335 F.2d 491; Rowe v. Peyton [C.A.4,] 383 F.2d 709; Steadman v. Duff [D.C.,] 302 F.Supp. 313. Petitioner has never been responsible for any of the delays which have occurred in this case, yet, after more than four and one-half years, the speedy trial and effective assistance of counsel questions in this case have never been adjudicated according to federal standards."

 It is doubtful that petitioner states the denial of any federal right. In federal habeas corpus, the burden of proof is on the petitioner to prove his case by a preponderance of the evidence, United States ex rel. Schuster v. Herold (C.A.2) 410 F.2d 1071, and the issue of credibility is for the trier of fact to decide. Huffman v. Sigler (C.A.8) 352 F.2d 370. Further, in the recent case of Morris v. State, Mo., 456 S.W.2d 289, the Missouri Supreme Court has indicated its intention to follow federal standards on burden of proof in habeas corpus and other postconviction proceedings. This Court cannot therefore presume, in advance of the Missouri Supreme Court's decision on his appeal, that that Court will not protect his federal rights.

Furthermore, whatever the merits of petitioner's contentions, this Court should not take jurisdiction of his habeas corpus petition while his appeal on the same questions is pending in the Missouri Supreme Court. Murphy v. Wilson (C.A.9) 409 F.2d 840. Such would not only violate principles of comity between state and federal courts, but would be unnecessary in view of the fact that the Missouri Supreme Court may grant petitioner all the relief which he seeks in the case at bar. And, further, in the absence of exceptional circumstances not stated to be present in this case, a state prisoner's state remedies under Missouri Criminal Rule 27.26 cannot be deemed to be exhausted until the Missouri Supreme Court has decided the prisoner's contentions adversely to him on their merits. Section 2254, Title 28, United States Code; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Bosler v. Swenson (C.A.8) 423 F.2d 257; Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F.2d 623; White v. Swenson (W.D.Mo. en banc) 261 F.Supp. 42.

For the foregoing reasons, it is

ORDERED that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

ADJUDGED that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.