George C. HOOPER, Petitioner,

v.

E. V. NASH, Warden, Missouri State Penitentiary, Respondent.

No. 17478.

United States Court of Appeals Eighth Circuit.

Oct. 28, 1963.

Rehearing Denied Nov. 1, 1963.

George Hooper, petitioner, pro se.

Thomas F. Eagleton, Atty. Gen., of Missouri, Jefferson City, Mo., for the State.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner, an inmate of the Missouri State Penitentiary, made application to the District Court for the Western District of Missouri for a writ of habeas corpus, which the Court denied on the ground that the state remedy existing under Rule 27.26 Missouri Rules of Criminal Procedure, V.A.M.S., had not been exhausted by him. Rule 27.26 makes provision for a motion to vacate sentence, in substance the same as that under 28 U.S.C.A. § 2255 in the federal practice.

The Court refused to issue a certificate of probable cause under 28 U.S.C.A. § 2253, to enable petitioner to take an appeal from the denial made of his writ application. He was granted leave, however, to file a notice of appeal in forma pauperis and also to prosecute an appeal on this basis, but in view of the Court's refusal to issue a certificate of probable cause, we take it that these grants were intended merely to serve facilitatingly in case a certificate of probable cause were to be issued by a judge of this Court.

A letter of inquiry has been addressed to the Clerk of this Court by petitioner seeking information on how to proceed. In the circumstances, the letter will be treated as an application to have a certificate of probable cause issued by a judge of this Court. The request must, however, be denied under our ruling in the similar situations of Mahurin v. Nash, 8 Cir., 321 F.2d 662; Knicker v. Nash, 8 Cir., Misc. No. 218 (unpublished order dated September 6, 1963); and Donnell v. Nash, 8 Cir., 323 F.2d 850.

Our ruling in those cases requires a Missouri prisoner to accord the Missouri courts, both trial and appellate, an opportunity to deal with any claims of constitutional violation as to his conviction or sentence on the basis of the concepts and standards of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, through the filing of a motion by him under Rule 27.26, supra, before he seeks to have any scrutiny or consideration given to such claims by a federal court.

Application to have a certificate of probable cause issued denied.