**Bitz RICHARDSON, Petitioner,**

**v.**

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 1272.**

United States District Court
W. D. Missouri, C. D.

Nov. 15, 1968.

**276**

Bitz Richardson, pro se.

ORDER GRANTING LEAVE TO PRO-
CEED IN FORMA PAUPERIS
AND DISMISSING PETITION
FOR HABEAS CORPUS WITH-
OUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, Jefferson City, Missouri, petitions this Court for leave to proceed in forma pauperis and for a writ of federal habeas corpus in which he requests an adjudication that his state conviction for murder was secured in violation of his federal constitutional rights. Leave to proceed in forma pauperis will be granted.

Petitioner states that on December 30, 1958, after a plea of guilty, he was sentenced to a life term by the Circuit Court of Henry County; that he did not appeal the judgment of conviction nor imposition of sentence; that he filed a motion to vacate or set aside his sentence under Missouri Criminal Rule 27.26, V. A.M.R. in the Circuit Court of Henry County which was "denied without comment"; that he appealed the denial of the 27.26 motion to the Missouri Supreme Court but was denied relief (State v. Richardson, 347 S.W.2d 165); that he then filed a "motion for leave to file motion for rehearing" in the Missouri Supreme Court, but that it was denied; that he filed a petition for a writ of certiorari to the Missouri Supreme Court in the United States Supreme Court, and it was denied; that he filed

a petition for a writ of federal habeas corpus in this Court and it was dismissed; and that he was represented by counsel at his arraignment, sentencing, and during his post-conviction proceedings.

Petitioner's present contentions are that he "was denied the effective assistance of counsel"; that he "demanded a trial by jury" but that "his counsel compelled him to plead guilty to first degree murder under threats that unless he plead guilty, he would receive the death penalty"; and that the death for which he was charged was an "accidental death and not due to premeditated or aforethought felonious assault to commit murder as described in [the] information filed."

The grounds which petitioner states to support his contentions are that his counsel induced him to plead guilty and waive a preliminary hearing so that the Gregg estate (the estate of the deceased) could collect the proceeds of an insurance policy for Gregg's "accidental death"; that the "records show he was arraigned before a magistrate" and "he had demanded a preliminary hearing before a magistrate"; that his counsel failed to investigate the charges against him and to prepare a defense; that because he stated that he wanted a preliminary hearing and did not receive one, he was denied the effective assistance of counsel; that he was denied the "right to a public and speedy trial;" that his counsel was "unfaithful" in the preparation of his defense; that he has new evidence to offer affecting the validity of the purported waiver of a preliminary hearing; that his new, factual evidence should be considered with the fact that the information filed against him was not endorsed by any witnesses and the fact that the prosecution's "main witness", Sam Eversole, died before he plead to the charge; and that his new, factual evidence corroborates his contention that the deceased, Tom Gregg, died of accidental means and was not murdered.

The official report of the Missouri Supreme Court's opinion (State v. Richardson, 347 S.W.2d 165) affirming the adverse decision of the sentencing court's denial of petitioner's motion under Missouri Criminal Rule 27.26 shows that the sentencing court held an evidentiary hearing. The contentions presented to the sentencing court in the post-conviction motion were as follows:

"\* \* \* (1) that the magistrate court, wherein a complaint had been filed against defendant charging murder in the first degree, had 'lost jurisdiction of the case \* \* \* and therefore had no authority to certify said cause to the Circuit Court of Henry County, thereby making all further proceedings void and of no effect' because the records of the said magistrate court failed to make entries of continuances of said cause at ten day intervals from September 18, 1958, the date of defendant's arrest, to December 23, 1958, when an order was entered showing that the defendant had waived his preliminary hearing and ordering that the defendant be held without bond to await the action of the circuit court of said county; (2) that the information filed in said cause on the 29th day of December, 1958, 'was defective and invalid for failure to show endorsement of witnesses on the information' and, without such endorsement, the defendant could not be fully informed of the charge against him; (3) that after the judgment and sentence of the court had been entered upon defendant's plea of guilty, a certified copy of such judgment and sentence failed to state the degree of murder as required by the statutes of the State and 'therefore defendant has been committed to the penitentiary on an invalid and void sentence, which sentence should therefore be vacated and set aside'; and (4) 'that although represented by counsel, defendant was not informed of material facts within the knowledge of his attorney and there-

fore entered a plea of guilty under a misrepresentation of the true facts in the case * * *; that defendant's attorney kept telling defendant that he was going to get the gas chamber until defendant became so confused and alarmed and placed in such apprehension and fear that he was in such a disturbed frame of mind that defendant did not realize what he was doing at the time he entered his plea of guilty to said charge.' * * *"

■ In the absence of exceptional circumstances not claimed to be present here, a state convict should exhaust all currently available state postconviction remedies before seeking relief by means of petitioning this Court for a writ of federal habeas corpus. Baines v. Swenson (C.A.8, 1967) 384 F.2d 621; Collins v. Swenson (C.A.8, 1967) 384 F.2d 623; Hooper v. Nash (C.A.8, 1963) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768; White v. Swenson (W.D.Mo., Court en banc, 1966) 261 F. Supp. 42.

■ From the petition and other documents filed in this cause and from the official state report of petitioner's appeal to the Missouri Supreme Court of the adverse decision of the sentencing court on his 27.26 motion, it appears that for the first time petitioner is apparently contending that he now has newly discovered evidence to introduce in a post-conviction proceeding to support a new claim that the deceased died accidentally rather than by felonious means. The state courts should first be given the opportunity to consider any new evidence which according to petitioner supports his contentions presented herein. Because petitioner currently has available an adequate state postconviction remedy in which to present all claims of constitutional violations and to offer any newly discovered evidence to support these claims, this petition for federal habeas corpus should be dismissed without prejudice for failure to exhaust currently available state remedies.

■ It also appears that the ruling of the Missouri Supreme Court on petitioner's appeal from the state trial court's overruling of his 27.26 petition antedated the United States Supreme Court's rulings on standards applicable in post-conviction proceedings in the trilogy of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 837; and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. The state decision also came before the effective date of Missouri's new Criminal rule 27.-26, September 1, 1967. By virtue of recent rulings in both state and federal courts in Missouri, petitioner would therefore be entitled to file another motion under the new amended rule, presenting all the contentions and issues raised by the present petition. State v. Stidham (Mo.Sup.) 415 S.W.2d 297; White v. Swenson, supra.

Petitioner should therefore file a motion under new Missouri Criminal Rule 27.26 (effective September 1, 1967) in the sentencing court containing the new factual and legal contentions in the petition in this case and all others which have not previously been determined on their merits by that court.

■ Further, any adverse decision rendered by the state trial court should be appealed to the Missouri Supreme Court before petitioner again files a petition for habeas corpus setting forth these contentions. Baines v. Swenson, supra; Collins v. Swenson, supra; Hooper v. Nash, supra; White v. Swenson, supra.

For the foregoing reasons, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for habeas corpus herein be, and it is hereby, dismissed without prejudice.