Ollie DIXON, Petitioner,

v.

STATE OF MISSOURI, Respondent.

Civ. A. No. 1366.

United States District Court
W. D. Missouri,
Central Division.

Jan. 15, 1969.

Ollie Dixon, pro se.

Norman H. Anderson, Atty. Gen., Jefferson City, Mo., for respondent.

ORDER GRANTING LEAVE TO PRO-
CEED IN FORMA PAUPERIS
AND DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, seeks leave to proceed in forma pauperis and petitions for a writ of federal habeas corpus to invalidate his state conviction for burglary and stealing. Leave to proceed in forma pauperis will be granted.

Petitioner states that after a plea of not guilty, he was convicted by a jury of charges of burglary and stealing in the Circuit Court of Bates County; that on December 11, 1965, he was sentenced therefor to terms of 10 years' imprisonment and 5 years' imprisonment; that the terms were to run consecutively; that he appealed from the judgment of con-

viction and the imposition of sentence; that the Missouri Supreme Court affirmed the conviction and sentence on appeal (State v. Dixon (Mo.Sup.1967) 411 S.W. 2d 185); that he has filed, with respect to this conviction, a motion to vacate in the state trial court under Missouri Criminal Rule 27.26, V.A.M.R.; that said motion was denied on July 24, 1967; that he subsequently applied for habeas corpus in the trial court, which application was denied on February 26, 1968; that thereafter he again filed a motion to vacate in the trial court, and the motion was again denied on July 24, 1968; that he then applied for habeas corpus in the Missouri Supreme Court, as a result of which he was on May 13, 1968 "[g]ranted the right to file a new motion under Supreme Court rule [sic] 27.26"; that on May 13, 1968, his "motion for appeal under Rule 28.07" was granted by the Missouri Supreme Court; that on March 25, 1968, his application for habeas corpus was denied by the Missouri Supreme Court; that on July 17, 1968, his motion to obtain transcript in cases numbered 33897 and 33897–A was denied by the trial court; and that he was represented by counsel at his arraignment and plea, at his trial, at his sentencing, on appeal and upon his postconviction motions.

Petitioner states as grounds for the contention that his present confinement is unlawful that he was deprived of due process of law under the fourteenth amendment because the clerk of the state trial court deprived petitioner of the right to appeal from the overruling of his first 27.26 motion by failing to comply with the court's order to file a notice of appeal and a transcript in the Missouri Supreme Court; that inadmissible statements which were "illegally and unconstitutionally obtained" were admitted against him at his trial in that one Mike Schwanders was permitted to testify over objection that he heard petitioner tell the prosecuting attorney his name was Ollie Dixon, "thereby implying and conveying to the jury that the petitioner had a prior criminal record;" that witness Harvey Williamson was permitted to testify over objection that petitioner admitted to him that he broke into the Kisner Store because he was hungry; and that petitioner was not afforded effective assistance of counsel because his attorneys did not "pursue any conclusion from the court on the charge of prior offense allegations" which is evidenced, petitioner contends, by the fact that, while petitioner had a hearing on his 27.26 motion on July 22, 1967, petitioner did not obtain evidence to raise this ground until February 5, 1968, when he was allowed to read the transcript while he was in the trial court for his habeas corpus application. Petitioner's previous petition for habeas corpus in this Court was dismissed on April 26, 1967, for failure to exhaust state remedies under Missouri Rule 27.26.

The official report of the opinion affirming the trial court on petitioner's appeal to the Missouri Supreme Court, State v. Dixon, supra, reveals that petitioner there raised only one of the grounds presented here—inadmissibility of the two statements of the arresting officers. Petitioner further states that on May 13, 1968, the Missouri Supreme Court granted him "the right to file a new motion under Supreme Court rule (sic) 27.26." He does not allege to have yet filed that motion. He also states that his motion for a late appeal [1] under Missouri Rule 28.07 was granted on May 13, 1968.

It is apparent from the foregoing allegations of petitioner that he has not exhausted his currently available state remedies to entitle him to habeas corpus relief in this Court. Section 2254, Title 28, U.S.C., provides that persons in custody pursuant to a state court

---

1. Petitioner does not state which judgment or final order was permitted to be appealed out of time by this order. Presumably, it was the trial court's denial of his first 27.26 motion on July 24, 1967, for which the time to exercise late appeal would now have run out.

judgment shall not be granted relief in federal habeas corpus:

" * * * unless it appears that the applicant has exhausted the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

Paragraph (c) of the same section provides:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented."

With regard to the grounds of petitioner's alleged deprivation of due process by the trial court's failure to file a notice of appeal from its denial of petitioner's 27.26 motion, of the trial court's reception of improper testimony from the witness Williamson, of ineffective counsel, and of improper relation to the jury of prior offenses, petitioner has state remedies currently available to him. Petitioner did not appeal from the state trial court's denial of his motions to vacate on July 24, 1967, and July 24, 1968. Under such circumstances, another motion to vacate under Missouri Criminal Rule 27.26 is currently available to petitioner wherein he may present the newly-raised grounds for release. From any denial of that motion petitioner may appeal to the Supreme Court of Missouri, and in the event that court affirms the denial, exhaustion of state remedies will have been effected, if all complaints of violation of federal rights which are presented in the subsequent petition for federal habeas corpus were raised before and considered by the state courts in these 27.26 proceedings. Hooper v. Nash (C.A. 8) 323 F.2d 995; Mahurin

v. Nash (C.A. 8) 321 F.2d 662; Donnell v. Nash (C.A. 8) 323 F.2d 850; cf. White v. Swenson (W.D.Mo., Court en banc) 261 F.Supp. 42; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196. Petitioner may in addition seek to appeal the most recent denial of his 27.26 motion by the state trial court by seeking a special order of the Missouri Supreme Court to appeal out of time within a year from the date of the alleged denial, July 24, 1968. See Mo.R. of Crim.Proc. 28.07. The filing by petitioner of an application for writ of habeas corpus in the Missouri Supreme Court on March 25, 1968, does not exhaust state remedies. Absent exceptional circumstances, only if there was a clear determination by that court of petitioner's claims on their merits as here presented upon a complete record after a full and fair evidentiary hearing, and in which current federal standards were applied in either instance,[2] would a denial of state habeas corpus constitute an exhaustion of available state remedies within the terms of Section 2254. Russell v. Swenson, supra; White v. Swenson, supra. Petitioner here states that there has been no ruling on the merits. He alleges that the "Missouri State Supreme Court refuses to act on questions that are raised and presented to them." This purported series of refusals does not constitute "exceptional circumstances" within the terms of the governing federal statute, Section 2254, Title 28, U.S.C., when the above remedies are currently available in the Missouri courts as conditions precedent to Missouri Supreme Court jurisdiction, and where that court has admittedly specifically advised plaintiff of their availability.

■ Absent exceptional circumstances not alleged to exist in this case, until petitioner has exhausted all currently available state remedies under Missouri Criminal Rule 27.26 in the trial court and appealed any adverse decision to the

---

2. Current relevant federal standards are enunciated in the trilogy of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Townsend v. Sain, 372 U.S. 293, 83 S.Ct.

745, 9 L.Ed.2d 770; and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Missouri Supreme Court, he may not secure a determination of his claims of violation of federally protected constitutional rights by federal habeas corpus.

For the foregoing reasons, it is hereby

Ordered that leave to proceed in forma pauperis be, and it is hereby, granted. It is further

Ordered that the petition for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.