**Lewis Charles WHEELER, Plaintiff-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.**

**No. 26607.**

United States Court of Appeals
Fifth Circuit.

March 4, 1969.

Rehearing Denied April 17, 1969.

---

Lewis Charles Wheeler, pro se.

Crawford C. Martin, Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Staff Legal Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ Since appellant is without counsel and none has been appointed, the case cannot be orally heard, see Elchuk v. United States, 1962, 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802, and, accordingly, the case is properly placed on the summary calendar under Fifth Circuit Rule 18.

This appeal is from the denial of a petition for a writ of habeas corpus filed by a Texas prisoner convicted of possession of marihuana. After a jury found appellant guilty, he was sentenced to 30 years imprisonment.

In his petition to the district court, appellant contends that a search warrant introduced into evidence at his trial was invalid; therefore, the evidence seized under that warrant and used against him at his trial should not have been admitted. Appellant also alleged denial of counsel of his choice, ineffective assistance of counsel, and systematic exclusion of Negroes from the jury.

■ Appellant has failed to present the contention regarding the invalidity of the search warrant to the Texas courts in a state habeas corpus proceeding pursuant to Article 11.07 of the Vernon's Ann. Texas Code of Criminal Procedure, which provides for an evidentiary hearing and factual determination by the Texas courts. Therefore, the district court was correct in dismissing the petition as to this question. Title 28 U. S.C. § 2254; State of Texas v. Payton, 5 Cir.1968, 390 F.2d 261.

While it is true that appellant has exhausted his state remedies as to the other issues presented in his petition, considerations of comity dictate against having his case pending in state and federal courts at the same time. Moreover, we believe that considerations of judicial efficiency dictate against piecemeal litigation of petitioner's claims in federal court. This would be a possible result if we affirmed dismissal of the claim as to which state remedies have not been exhausted but reversed for hearing on the exhausted claims. The district court did not abuse its discretion in requiring appellant in this case to exhaust state remedies on all claims; therefore, the judgment dismissing the petition *in toto* is affirmed.

Affirmed.