**In the Matter of APPLICATION for Writ of Habeas Corpus of Raymond C. NIELSON.**

**Civ. 69–17S.**

United States District Court
D. South Dakota, S. D.

July 23, 1969.

Robert J. Parker, Sioux Falls, S. D., for petitioner.

Roger A. Schaiger, Sp. Asst. Atty. Gen., Sioux Falls, S. D., for State of South Dakota.

### MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a ruling on an application of Raymond Nielson for a writ of habeas corpus pursuant to Title 28 U.S.C. §§ 2241, 2254. A full evidentiary hearing was held on June 13, 1969.

### FINDINGS OF FACT

1. The petitioner, Raymond Nielson, is a citizen of the United States, and is presently imprisoned and restrained of his liberty and detained under color of authority of the State of South Dakota, in the custody of Don R. Erickson, Warden of the South Dakota Penitentiary at Sioux Falls, South Dakota, in this district.

2. The claim and authority by which the petitioner is restrained of his liberty is a Judgment and Sentence of the Cir-

cuit Court in and for the County of Brookings, South Dakota, rendered on October 30, 1967.

3. In addition to numerous other appeals and petitions attempted *pro se* by the petitioner, one of which was an original writ of habeas corpus filed in the South Dakota Supreme Court and denied by that Court on May 1, 1968, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the Second Judicial Circuit and a hearing was held before the Honorable Andrew W. Bogue, Circuit Court Judge for the Second Judicial Circuit in the Courthouse in Sioux Falls, Minnehaha County, South Dakota on December 11, 1968. At this hearing, petitioner agreed to the assistance of counsel for the subsequent pursuance of State-Court remedies and requested that Mr. Frank Denholm of Brookings, South Dakota be appointed to pursue petitioner's case. Mr. Denholm was subsequently requested to assist petitioner. In a decision dated December 17, 1968, petitioner's writ of habeas corpus brought in the Circuit Court in the Second Judicial Circuit was quashed.

4. By letter, dated May 12, 1969, sent to the Honorable Andrew W. Bogue, Circuit Court Judge for the Second Judicial Circuit, petitioner advised Judge Bogue that petitioner was abandoning his State-Court remedies by foregoing the services of his appointed attorney Mr. Frank Denholm, and that petitioner was resorting to Federal remedies and had filed the present writ of habeas corpus in this Court. At the time that petitioner wrote the letter of May 12, 1969, to Judge Bogue, petitioner had not appealed to the South Dakota Supreme Court from the adverse decision on his writ of habeas corpus in the Circuit Court for the Second Judicial Circuit and has yet to do so.

5. By failing to appeal the adverse decision rendered by the Circuit Court for the Second Judicial Circuit, petitioner has presently. not exhausted his State-Court remedies, and in the opinion of this Court, this constitutes a deliberate by-pass of appellate review of Judge Bogue's decision.

## CONCLUSIONS OF LAW

1. The South Dakota Supreme Court will not rule on the merits of an original writ of habeas corpus except for prerogative purposes where the State's interests are in some way directly involved. Everitt v. Board of Comrs. of Hughes County 1 S.D. 365, 47 N.W. 296 (1890).

2. This Court does not have jurisdiction to grant a writ of habeas corpus unless the petitioner has exhausted his State-Court remedies.

Section 2254, Title 28, U.S.C., provides that persons in custody pursuant to a state court judgment shall not be granted relief in federal habeas corpus:

"* * * unless it appears that the applicant has exhausted the remedies available in the courts of the state, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

Paragraph (c) of the same section provides:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented." Dixon v. State of Missouri, 295 F.Supp. 170, 172–73 (W.D.Mo.1969).

3. In accordance with the above standards, it is the conclusion of this Court that the petitioner's writ is denied with no ruling made on the merits of the claims therein. This will be without prejudice for the petitioner to bring a subsequent writ in this Court upon the exhaustion of his State-Court remedies. The petitioner is hereby remanded to the custody of Don R. Erickson, as Warden of the South Dakota State Peniten-

tiary at Sioux Falls, South Dakota. The Attorney General is hereby directed to prepare an appropriate order in accordance with the findings and conclusions of this opinion.