**Jimmy HUFFMAN, Petitioner,**

v.

**STATE OF MISSOURI, Respondent.**

**No. 18199–4.**

United States District Court,
W. D. Missouri, W. D.

June 4, 1970.

Irving Achtenberg, Kansas City, Mo., for petitioner.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

ELMO B. HUNTER, District Judge.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner is a state prisoner presently confined in the Fordland Honor Camp at Fordland, Missouri. He has filed in forma pauperis a petition for writ of federal habeas corpus challenging his conviction in the Circuit Court of Howell County, Missouri. Leave to proceed in forma pauperis was granted by the Court in an order entered April 9, 1970.

On October 8, 1946, petitioner was sentenced to a term of life imprisonment by the Circuit Court of Howell County, Missouri, following the entry of petitioner's plea of guilty to charges of murder in the first degree. Petitioner did not appeal the judgment of conviction, nor the imposition of sentence. However, on September 9, 1967, petitioner filed in the Circuit Court of Shannon County, Missouri, a motion to vacate sentence under Missouri Supreme Court Rule 27.26, V. A.M.R. In that Rule 27.26 motion, petitioner alleged the following grounds:

"(1) Lost transcript of 1946 trial for murder;

(2) Plea of guilty was not made voluntarily;

(3) Coerced Confession;

(4) Confession obtained in the State of Louisiana, and held over petitioner's head in State of Missouri;

(5) No attorney for twenty-one (21) days after arrest;

(6) No legal guardian or ad litem appointed to speak for sixteen year old boy;

(7) No jurisdiction to try sixteen year old boy as an adult where request for transfer made."

Shortly after the filing of petitioner's initial Rule 27.26 motion, petitioner was granted leave by the Circuit Court of Shannon County to amend his motion to allege the following additional grounds:

"(8) That the court and its officers at the time of movant's arrest, hearings, trials and sentencing were prejudice (sic) against and their emotions toward this movant incensed against this movant, who was then and there a child of 15 years of age and that said movant was pressed into early hearings and trials by the Court, its officers, and counsel without the benefit of proper legal advice and protection;

"(9) That this movant was not afforded a preliminary hearing in said cause as required by the laws of the State of Missouri for the reasons that no proper record and transcript of the proceedings and

testimony given was kept as required by the laws of the State of Missouri;

"(10) That the arrest, alleged plea of guilty and sentencing of this movant were not conducted and had as required by the Constitution of the United States, the Constitution of the State of Missouri, or the laws thereof;

"(11) That movant was not afforded a fair and impartial preliminary hearing of the 16th day of September, 1946, as required by the laws of the State of Missouri and was not afforded a fair and impartial hearing in the Circuit Court of Howell County, Missouri, on the 8th day of October, 1946;

"(12) That the alleged available affidavits, warrants and court records and available transcripts of all proceedings in the Justice of the Peace Court of Howell County, Missouri are mere shams and are not adequate to sustain the orders, charges or sentence imposed;

"(13) That the alleged available affidavits, warrants and court records and available transcripts of all proceedings in the Circuit Court of Howell County, Missouri, in said case, are mere shams and are not adequate to sustain the orders, charges or sentence imposed;

"(14) Movant was denied the affective (sic) assistance of counsel at the alleged preliminary hearing in the Justice of the Peace Court held in September 16, 1946, and at the time of his sentence in the Circuit Court on October 8, 1946, and during the time of the preparation therefore;

"(15) Movant's arrest was by warrant on September 12, 1946, which was issued without filing of a valid affidavit therefore by the Justice of the Peace;

"(16) Movant states that at the time of his alleged plea of guilty in the Howell County Circuit Court on October 8, 1946, he was scared and confused and due to his age and immaturity, his alleged plea was not voluntarily made;

"(17) That movant has tried since 1948 to obtain transcripts and records of the charge and the procedures surrounding his sentence, but up until recently his requests were either ignored or not fulfilled, which delay has prejudiced movant's rights herein for judicial review."

On February 13, 1968, an evidentiary hearing was held in the Circuit Court of Shannon County, and as a result of the evidentiary findings of that Court, petitioner's motion was denied. An appeal to the Supreme Court of Missouri resulted in an affirmance of the trial court's determination, 451 S.W.2d 21. Petitioner now seeks to raise each of the above contentions for adjudication by this Court through federal habeas corpus proceedings.

▮ Petitioner's petition for writ of federal habeas corpus is, at the present time, premature. In the absence of exceptional circumstances not present herein, a state prisoner must exhaust all currently available state post-conviction remedies before seeking federal habeas corpus relief by way of a petition in this Court. 28 U.S.C. § 2254; Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967); Collins v. Swenson, 384 F.2d 623 (8th Cir. 1967); Hooper v. Nash, 323 F.2d 995 (8th Cir. 1963), cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768 (1963); White v. Swenson, 261 F.Supp. 42 (W.D.Mo. en banc 1966). And petitioner's state post-conviction remedies are not exhausted until an adverse decision in the Missouri courts has been secured by the petitioner on all of the contentions which he seeks to raise in this Court, or until he has unsuccess-

fully presented his contentions in those courts. Bosler v. Swenson, 423 F.2d 257 (8th Cir. 1970); Buffalo Chief v. South Dakota, 425 F.2d 271 (8th Cir. 1970); Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo.1969); Richardson v. Swenson, 293 F.Supp. 275 (W.D.Mo. 1969); Akers v. Swenson, 286 F.Supp. 666 (W.D.Mo.1968); and White v. Swenson, *supra*. In the present case, petitioner has presented to this Court all of the contentions he initially raised in the Circuit Court of Shannon County through his Rule 27.26 motion. However, the records of petitioner's state post-conviction proceedings clearly reveal that the following issues were not considered by that court in its denial of petitioner's motion: (1) "No legal guardian or ad litem appointed to speak for sixteen year old boy," and (2) "no jurisdiction to try sixteen year old as an adult where request for transfer was made." And, on direct appeal to the Missouri Supreme Court, petitioner did not present those contentions for review by that court. Furthermore, although the contentions raised by the petitioner on appeal to the Missouri Supreme Court incorporated several of the issues presented herein, petitioner's present allegation that "the arrest, alleged plea of guilty and sentencing of this movant were not conducted and had as required by the Constitution of the United States * * * or laws thereof" was not presented to the Missouri Supreme Court as a broad constitutional issue. Rather, on appeal to the Missouri Supreme Court, petitioner contended that his plea of guilty should have been vacated because: (1) the trial court refused to exclude witnesses during the Rule 27.26 proceedings; (2) there was not transcript of the original proceedings against the petitioner; (3) petitioner's guilty plea was predicated on a coerced written confession; and (4) petitioner was not afforded a preliminary hearing prior to his original trial. Although the Missouri Supreme Court considered the above contentions in the context in which they were presented, it does not appear from the official state report of petitioner's Rule 27.26 proceedings that his present constitutional contention was considered on appeal. See: Huffman v. State, supra. Furthermore, it also appears that petitioner desires to present new evidence to support his contentions. He states:

"The only point that has not been presented directly or indirectly to either the Circuit Court of Shannon County * * * or to the Supreme Court of Missouri, is the fact that subsequent to the Evidentiary Hearing additional material evidence was discovered, that is, newspaper accounts of comments made to reporters concerning the written confession that the State's witnesses denied existed at the Evidentiary Hearing, and Rule 27.26 does not provide for a rehearing to authenticate the credibility of witnesses."

Although counsel for the petitioner contends that petitioner is foreclosed from further relief under Missouri Supreme Court Rule 27.26(d), it affirmatively appears from the record that petitioner has not presented the Missouri Supreme Court with an opportunity to review all of the contentions raised herein. Nor has petitioner secured an adverse decision by the Circuit Court of Shannon County on all of these contentions. Therefore, in view of the liberal Missouri post-conviction procedures and in light of the express adoption of current federal standards by the Missouri courts, petitioner should submit a further Rule 27.26 motion in the Circuit Court of Shannon County alleging all of his present contentions. See: Richardson v. Swenson, *supra;* Dixon v. Missouri, *supra;* and White v. Swenson, 261 F.Supp. 42, 63 (W.D.Mo. en banc 1966). See also: Hooper v. Nash, *supra;* Mahurin v. Nash, 321 F.2d 662 (8th Cir. 1962); and Donnell v. Nash, 323 F.2d 850 (8th Cir. 1963). If and when petitioner receives an adverse decision upon these contentions, he should appeal all of the contentions to the Supreme Court of

Missouri. For, until petitioner has fully exhausted his available state post-conviction remedies, his petition in this Court is premature.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby dismissed without prejudice.

It is so ordered.