Maggie MORGAN, Petitioner,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, and Velda Dobbs, Respondents.

Joseph F. SELBY, Sr., Petitioner,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.

Civ. A. Nos. 69-H-779, 69-H-780.

United States District Court,
S. D. Texas,
Houston Division.

June 10, 1970.

Kermit Waters, Ozark, Ala., and Sam Wilson, Houston, Tex., for petitioners.

Crawford C. Martin, Atty. Gen., and Sam Robertson, Asst. Atty. Gen., Austin, Tex., for respondents.

·MEMORANDUM AND ORDER

NOEL, District Judge.

■ Petitioners, prisoners in state custody, filed applications for the writ of habeas corpus. This Court dismissed same by reason of petitioners' failure to exhaust state remedies upon each of their several claims for relief. Morgan v. Beto, Civil No. 69–H–779, Selby v. Beto, Civil No. 69–H–780 (S.D.Tex., May 8, 1970). Petitioners now seek a certificate of probable cause to appeal. Alternatively, they ask that the prior judgment be vacated conditional upon petitioners' amending their applications to include only those issues properly raised in the state courts. Because of petitioner Morgan's failing health, this motion is taken up out of time in order to effect a prompt disposition of the case. *See generally:* Fed.Dist.Ct.S.D.Tex. Local Rules 24 and 25; *see specifically:* Local Rule 25f.

■ Petitioners correctly point out that federal courts in habeas corpus have *the power* to hear claims selectively, ruling upon properly exhausted grounds and refusing to rule upon those not exhausted. However, beyond the issue of power, considerations of comity and judicial economy are of fundamental importance in the area of the exhaustion requirement. In Wheeler v. Beto, 407 F.2d 816, 817 (5th Cir. 1969) (per curiam), the Court of Appeals articulated this policy:

> While it is true that appellant has exhausted his state remedies as to the other issues presented in his petition, considerations of comity dictate against having his case pending in state and federal courts at the same time. Moreover, we believe that considerations of judicial efficiency dictate against piecemeal litigation of petitioner's claims in federal court.

■■ For the reasons above, insistence upon complete exhaustion of state remedies as to all issues is a proper exercise of the Court's discretion. Likewise, for the reasons stated above, petitioners'

alternative ground for relief is without merit. Although not in issue, petitioners should note that a deliberate "by-pass" of presently available state remedies could cause a permanent forfeiture of all presently alleged grounds for relief not raised in state habeas corpus proceedings. Fay v. Noia, 372 U.S. 391 at 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *cf.:* Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

Accordingly, it is ordered that:

Petitioners' motion for a certificate of probable cause, or alternative relief, is denied.