Frank LEE, Jr., Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 29480

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 22, 1970.

Frank Lee, Jr., pro se.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Allo B. Crow, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Frank Lee, Jr., appeals pro se from the district court's denial of his petition for the writ of habeas corpus. We affirm in part and vacate and remand in part.[1]

---

1. Since Lee is without counsel and none has been appointed, this case is decided without oral argument under 5 Cir.R.

18. *See* Wheeler v. Beto, 5 Cir. 1969, 407 F.2d 816.

A Texas jury convicted Lee, a Negro, of the murder with malice aforethought of a white man in Limestone County, Texas. In 1961, Lee received a sentence of life imprisonment.

Lee sought post-conviction relief in the state trial court in accordance with Article 11.07, Vernon's Ann.Texas Code of Criminal Procedure. That court held an evidentiary hearing, but denied relief.

In the federal district court, Lee alleged the following grounds for relief: (1) that the state suppressed evidence and offered perjured testimony; (2) that his court-appointed counsel was ineffective for failing to move for a change of venue and for failing to appeal; (3) that Negroes were systematically excluded from the grand and petit juries; (4) that his confession was obtained in violation of the Constitution; (5) that he was illegally arrested; (6) that potential jurors were excluded on the basis of their conscientious scruples against the death penalty.

■ The district court correctly found that Lee had not raised the last two points—illegal arrest and exclusion of jurors who opposed capital punishment—in the Texas courts. Lee must exhaust his state remedies on these points before he can raise them in federal court. 28 U.S.C. § 2254; Wheeler v. Beto, 5 Cir. 1969, 407 F.2d 816.

On the remaining issues, the district court found that Lee had obtained "a full evidentiary hearing" in the state court which "adequately allowed an airing of the petitioner's factual allegations". The district court could "not say that any of the defects Petitioner asserts rise to the level of fundamental error".

■■ But the district court added a troubling paragraph:

> The Court is not unmindful, however, that the record raises serious questions about the fundamental fairness of Petitioner's original trial in Limestone County; the evidence as to intimidation of Petitioner's witnesses and as to racial prejudice in general in Limestone County at the time of trial

is disturbing indeed. This Court, however, feels that any relief based on generalized notions of underlying unfairness that may arise upon a reading of the records before this Court would be more appropriately granted, if at all, by a 3-Judge panel of the Fifth Circuit Court of Appeals.

The district court is properly the fact-finder. Our process of review operates on the basis of those facts unless they are clearly erroneous. Fed.R.Civ.P. Rule 52 (a). We must therefore remand to the district court for findings related to "the fundamental fairness of Petitioner's original trial in Limestone County; the evidence as to intimidation of Petitioner's witnesses and as to racial prejudice in general in Limestone County at the time of trial." The district court should additionally make related conclusions of law. Fed.R.Civ.P. 52(a).

Affirmed in part; vacated and remanded in part.