**John L. JONES, Petitioner-Appellant,**

v.

**STATE OF TEXAS, Respondent-
Appellee.**

**No. 71–1102
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 22, 1971.

---

* [1] Rule 18, 5th Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York et al., 5th Cir., 1970, 431 F.
2d 409, Part I.

John L. Jones, pro se.

Henry Wade, Crim. Dist. Atty., Edgar A. Mason, Asst. Dist. Atty., Dallas, Tex., Crawford C. Martin, Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The appellant filed a petition for a writ of habeas corpus on December 21, 1970 in the United States District Court, wherein he alleged that his Texas state conviction for robbery by firearms was invalid because he had been subjected to double jeopardy and the evidence presented at his trial was insufficient to support the conviction. The District Court denied his petition on the ground that the appellant had failed to exhaust his available state remedies inasmuch as his direct appeal from the judgment of conviction was then pending in the Texas Court of Criminal Appeals.

We find no error in the district court's refusal to consider the merits of the appellant's habeas petition. Under the doctrine of comity a federal court should not exercise jurisdiction over a state prisoner's claims of constitutional deprivation, unless or until the highest court of his state has adjudicated them, either upon direct appeal or collateral attack. 28 U.S.C.A. § 2254 (1959); Ector v. Smith, 438 F.2d 975 (5th Cir. 1971); Wheeler v. Beto, 407 F.2d 816 (5th Cir. 1969).

The judgment of the district court is Affirmed.