James JOHNSON, Jr., Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71–1694

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1971.

Rehearing Denied Oct. 13, 1971.

James Johnson, Jr., pro se.

Robert L. Shevin, Atty. Gen. of Florida, Tallahassee, Fla., Warren H. Petersen, Asst. Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

The appellant was convicted of manslaughter in Manatee County, Florida, and sentenced on March 7, 1969 to serve a twenty-year prison term. In this appeal he seeks review of the order of a federal district Judge denying his petition for a writ of habeas corpus on grounds of prematurity. We affirm.

Upon the appellant's conviction his privately-retained attorney filed a motion for new trial which was denied by his trial court. Although no direct criminal appeal was filed in his state appellate court, on January 16, 1970 the appellant himself sent a "notice of appeal pursuant to Rule 1.850 [Fla.C.Cr.P.]" to the Supreme Court of Florida. This was returned to him since it was untimely by more than nine months if construed as a notice of direct appeal; and, if construed as a Rule 1.850 motion that court lacked original jurisdiction. After an abortive attempt to file a petition for a writ of habeas corpus in the Florida Supreme Court, the appellant filed his habeas petition in the court below, challenging the validity of his conviction.

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

■ Since the record before this Court clearly shows that the appellant has failed to avail himself of the avenues of post-conviction remedies which the State of Florida provides, i. e., filing a Rule 1.850, 33 F.S.A. motion in his sentencing court, we believe that the ruling of the District Court is clearly correct. 28 U.S.C. § 2254; Porter v. Wainwright, 5th Cir., 1971, 439 F.2d 264; Ector v. Smith, 5th Cir., 1971, 438 F.2d 975; Williams v. Wainwright, 5th Cir., 1969, 410 F.2d 144.

Affirmed.