James ROULETTE, Jr., Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

No. 19364–4.

United States District Court, W. D. Missouri, W. D.

Oct. 20, 1971.

Kenneth Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

James Roulette, Jr., pro se.

## MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

Petitioner, a convicted state prisoner who is currently confined in the Missouri State Penitentiary at Jefferson City, Missouri, has filed in forma pauperis a petition for writ of habeas corpus challenging the constitutional validity of his state conviction and sentence. Leave to proceed in forma pauperis was granted by the Court in the order to show cause entered on May 14, 1971.

On November 26, 1968, petitioner was sentenced by the Circuit Court of Jackson County, Missouri, to a term of life imprisonment following his jury conviction for murder in the first degree. Petitioner took a direct appeal to the Supreme Court of Missouri, but that appeal was unsuccessful. See: State v. Roulette, 451 S.W.2d 336 (Mo.1970). Petitioner has not subsequently sought state post-conviction relief under Missouri Supreme Court Rule 27.26, V.A.M.R.

On direct appeal to the Supreme Court of Missouri, petitioner raised the following contentions: (1) that the trial "court erred in refusing to sustain defendant's motion for a judgment of acquittal," (2) that the trial "court erred in admitting in evidence a supposed oral confession of the defendant by reading to the defendant the alleged oral confession of an accomplice which was hearsay, because defendant was denied the right to cross-examine [his alleged accomplice], and (3) that an instruction given by the trial court was erroneous because it "assumed that the defendant made a lawful confession and the court directed to find if said confession was voluntary but did not submit the question if this oral confession of the accomplice was voluntary and true, but if not so found, then the statement was not binding as this defendant [petitioner]." On appeal, the Supreme Court of Missouri determined that, under the facts presented during pre-trial hearings in the Circuit Court of Jackson County, Missouri, and at trial, the testimony or confession referred to by petitioner constituted an oral confession of petitioner himself, rather than an oral statement of his alleged accomplice since petitioner actively assented to the statement of his alleged accomplice and later either stated that such statements were accurate or corrected those which he deemed inaccurate. In arriving at its decision, the Supreme Court of Missouri also noted by way of dicta that "there was and is no question about Miranda warnings or other rights" and that there existed "proof of the corpus delicti, proof of 'both the criminal act and the criminal agency of the defendant' * * *." The court also stated that the trial court had made specific findings, which were supported by the record, that petitioner's confession was freely and voluntarily made, and that petitioner had been fully advised of his constitutional rights.

In support of his present application for federal habeas corpus relief, petitioner states the following, *inter alia*:

"The State of Missouri failed to prove the criminal act and the criminal agency of petitioner.

"The trial court introduced oral confession allegedly obtained following petitioner's arrest at a time when he

was not represented by counsel, and the court introduced a confession of petitioner's co-defendant without allowing the right of cross-examination.

"The State of Missouri prejudicially erred in instructing petitioner's jury that the mentioned confession was voluntarily obtained and failed to show said confession was voluntarily obtained all of which was a denial of a fair trial, due process and equal protection of the law as secured by the U.S. Constitution."

Since it appeared that petitioner had raised these contentions on appeal to the Supreme Court of Missouri, the Court directed respondent to show cause why relief should not be granted. Later, however, in response to an order of the Court directing petitioner to state whether he desired to offer additional evidence to that shown by the state court record, petitioner offered the affidavit of his alleged accomplice which stated:

"[J]ames Roulette, Jr., was not a party in the crime in which he was tried and convicted and seeks the relief from this Court.

"[T]he police officers failed to advise me or the petitioner of any Constitutional rights.

"[T]he petitioner neither confessed as alleged by the police officers, nor did he acknowledge any confession by the nod of his head as alleged by the interrogating officer."

And, in his traverse to the response of respondent, petitioner raised a new contention which has never previously been raised; namely, that police officers had violated his rights as afforded by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that he "was subjected to 'Custodial Interrogations' where he was denied the presence of counsel." Because of that newly raised contention, the Court, on June 22, 1971, directed petitioner to further clarify the contentions he desired to present to this Court during these federal proceedings.

In response to that order, petitioner alleged the following, *inter alia*:

"1. It is one of Roulette's contentions that the *alleged* confession (if any) introduced at trial was obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (although it is not clear from the filings available whether this precise issue was presented to the Missouri Supreme Court).

"2. It is one of Roulette's claims that he was deprived of the right to counsel at the time of the *alleged* confession, if any, was taken. (Although petitioner also claims there was not confession, and although there would be not such question had counsel in fact been present).

\* \* \* \* \* \*

"The above affirmative answers are made as a part of his contention that he was denied the right to confront his co-defendant."

Also, in that response to this Court's order, petitioner admits that the evidence he now seeks to offer in this federal proceeding has never been offered in any state proceeding, post-conviction or otherwise.

In the absence of exceptional circumstances, a state prisoner must exhaust all currently available state post-conviction remedies before seeking federal habeas corpus relief. 28 U.S.C. § 2254; Baines v. Swenson, 384 F.2d 621 (8th Cir. 1967); Collins v. Swenson, 384 F.2d 623 (8th Cir. 1967); Hooper v. Nash, 323 F.2d 995 (8th Cir. 1963), cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768 (1963); and White v. Swenson, 261 F.Supp. 42 (W.D.Mo. 1966). And, petitioner's state post-conviction remedies are not exhausted until he has secured an adverse decision in the Missouri courts upon the precise contentions which he seeks to raise in this Court, or until he has unsuccessfully presented those precise contentions in those courts for adjudication upon the merits. Bosler v. Swenson, 423 F.2d 257 (8th Cir. 1970); Buffalo Chief v. South

Dakota, 425 F.2d 271 (8th Cir. 1970); Williams v. State of Missouri, 317 F.Supp. 338 (W.D.Mo.1970); Huffman v. State of Missouri, 313 F.Supp. 730 (W.D.Mo.1970); Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo.1969); Richardson v. Swenson, 293 F.Supp. 275 (W.D.Mo.1969). This requirement of exhaustion of state remedies, while embodied in the statutory language of 28 U.S.C. § 2254(c), is based upon the doctrine of comity which should be applied except in the most unusual circumstances where the interests of justice demand earlier federal intervention. Love v. State of Alabama, 411 F.2d 558 (5th Cir. 1969); Spencer v. Wainwright, 403 F.2d 778 (5th Cir. 1968); Smith v. State, 356 F.2d 654 (10th Cir. 1966), cert. den. 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151. Further, to avoid piecemeal litigation and continued confrontations between the state and federal courts, these considerations of comity require that in the absence of exceptional circumstances, the federal courts refrain from determining issues raised in a federal habeas corpus proceeding until the state petitioner has presented each and all of his current contentions to the highest appellate court of the state. Wheeler v. Beto, 407 F.2d 816 (5th Cir. 1969); Harrison v. Wainwright, 424 F.2d 633 (5th Cir. 1970); Pebworth v. Henderson, 428 F. 2d 789 (5th Cir. 1970); Ardister v. Smith, 433 F.2d 931 (5th Cir. 1970); Lee v. Beto, 429 F.2d 524 (5th Cir. 1970); Williams v. State of Missouri, 317 F.Supp. 338 (W.D.Mo.1970); Huffman v. State of Missouri, 313 F.Supp. 730 (W.D.Mo.1970); Dixon v. Missouri, 295 F.Supp. 170 (W.D.Mo.1969); Richardson v. Swenson, 293 F.Supp. 275 (W.D.Mo.1969). Certainly, this is a sound rule where, as here, the various contentions, old and new, are so intertwined as to render partial adjudication of the issues impossible, as a practical matter.

█ As earlier noted, petitioner has varied his initial contentions in this proceeding and has advised the Court that he desires to offer herein evidence of a substantial and material nature which was not presented to the state courts in the state criminal proceedings. And, petitioner's latest contentions concerning an alleged violation of his rights under Miranda v. Arizona, *supra*, are closely intertwined with the issues earlier raised in the state criminal proceedings. Those *Miranda* contentions, however, have never been presented to the state courts. And because of the manner in which those contentions have been raised in this federal proceeding it is not possible, as a practical matter, to adjudicate them separately from those issues previously entertained by the state courts. Thus, since petitioner may present his newly raised contentions and the testimony of his alleged accomplice in the state courts as a matter of right under Missouri Rule 27.26, this Court, as a matter of comity, should refrain from determining the merits of petitioner's contentions until the state courts have had an opportunity to hear petitioner's latest contentions and evidence which could be dispositive of this cause. Buffalo Chief v. South Dakota, *supra.* See also: Kennedy v. Sigler, 397 F.2d 556 (8th Cir. 1968). For, as stated by the Eighth Circuit Court of Appeals in *Mayes v. Sigler*, 428 F.2d 669 (8th Cir. 1970) at page 671:

"There is a strong federal policy to the effect that federal courts should not unduly or prematurely interfere with state court proceedings and that state courts having adequate post conviction remedies should be afforded the first opportunity to pass upon constitutional attacks upon state convictions. * * * Such a policy minimizes state resentment against federal interference with state criminal convictions and in addition relieves federal courts of the burden of conducting hearings which properly should be handled by the state courts."

In order to fully exhaust his adequate and presently available state post-conviction remedies under Missouri Rule 27.26, petitioner should file a motion to vacate

sentence and to set aside the judgment of conviction in the Circuit Court of Jackson County, Missouri, setting forth each and all of his contentions regarding his state conviction. If and when petitioner receives an adverse determination upon that motion under Rule 27.26, he should appeal to the Supreme Court of Missouri, raising all of the contentions he deems meritorious. For, until petitioner has followed this procedure and has raised his contentions in the Supreme Court of Missouri, his petition for writ of habeas corpus in this court is premature. Thus, the present petition for writ of habeas corpus should and will be dismissed without prejudice to allow petitioner to present all of his contentions in the state courts and to offer his additional evidence in a state post-conviction hearing.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby dismissed without prejudice.

It is so ordered.