**Willard Max MEACHAM, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–1946**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1971.

Willard Max Meacham, pro se.

Crawford C. Martin, Atty. Gen., of Texas, Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Meacham, a prisoner of the State of Texas, appeals from the district court's dismissal, without prejudice, of his habeas corpus petition for failure to exhaust state remedies as to all of his federal habeas claims. We affirm.

* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

In the proceedings below, the appellant sought to attack the validity of his murder conviction, for which he is presently serving a ninety-nine year sentence. He originally filed a habeas petition in district court in December of 1969, wherein he contended that his conviction was constitutionally infirm for some thirty-five reasons. After the State filed a response, the court ordered that the appellant first exhaust his available state remedies as required by 28 U.S.C. § 2254.

Having followed the district court's directive, the appellant again sought relief in the court below, and counsel was appointed to represent him at his federal evidentiary hearing.

At the hearing no evidence or argument was presented as to most of the appellant's original thirty-five contentions; instead, his counsel primarily asserted that the appellant's conviction was invalid because an illegally-obtained confession was admitted in evidence against him at his trial, and because he had been mentally incompetent to stand trial. During the course of the hearing, however, it was brought to the attention of the court by the state that the appellant had never presented his claim of mental incompetency to his state courts, either on direct appeal or through the post-conviction procedures as set forth in Article 11.07 of the Vernon's Ann.Texas Code of Criminal Procedure. Thereupon the district court dismissed the habeas action without prejudice to the appellant's right to reapply for federal relief after he had exhausted his state remedies on that contention. It is from that ruling that the appellant now appeals.

We have carefully reviewed the entire record in this case, including the Article 11.07 motions filed in the appellant's state courts, and it is clear that the issue of his mental competency to stand trial has never been determined by his state courts; and thus he has not exhausted his available state remedies on all his federal habeas grounds. The district court, therefore, did not err in dismissing the habeas action so that the State of Texas would have the initial op-portunity of correcting its own constitutional errors. Garrett v. Texas, 5th Cir. 1970, 435 F.2d 709; Ardister v. Smith, 5th Cir. 1970, 433 F.2d 931; Wheeler v. Beto, 5th Cir. 1969, 407 F.2d 816. Accordingly, the judgment below is affirmed.