Troy C. **BURROUGHS**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 71-2619

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1972.

Troy C. Burroughs, pro se.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Florida state prisoner for the writ of habeas corpus. We affirm.

Appellant is currently serving a five year sentence for larceny of an automobile, having been convicted upon trial by jury. The conviction was affirmed on direct appeal in Burroughs v. State, Fla.App.1969, 221 So.2d 159. A motion to vacate sentence pursuant to Rule 1.850, Fla.R.Crim.P., 33 F.S.A., was denied. Burroughs v. State, Fla.App.1970, 235 So.2d 781.

In his habeas petition filed below appellant enumerates some 36 grounds for relief. A review of the records of proceedings in the state

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

courts reveals that state remedies have not been exhausted as to all issues raised. Those allegations concerning double jeopardy, police brutality, mental coercion, and non-sequestration of witnesses have not been presented any state court. To avoid piecemeal litigation this Court has consistently required that state remedies be exhausted as to all issues raised in a federal habeas corpus petition. 28 U.S.C. § 2254; Meacham v. Beto, 5th Cir. 1971, 451 F.2d 187; Garrett v. State of Texas, 5th Cir. 1970, 435 F.2d 709; Harrison v. Wainwright, 5th Cir. 1970, 424 F.2d 633; Wheeler v. Beto, 5th Cir. 1969, 407 F.2d 816.

Since the record before this Court shows that the appellant has failed to avail himself of post-conviction remedies open to him under Florida law, i. e. filing a Rule 1.850 motion in his sentencing court, we believe that the ruling of the district court is correct. See Johnson v. Wainwright, 5 Cir. 1971, 448 F.2d 387.

The judgment below is

Affirmed.