**Edward Charles GENTER, II, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary Dept. of Corrections, Respondent-Appellee.**

No. 81–5900
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 14, 1982.

Edward Charles Genter, II, pro se.

Alan T. Lipson, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

State prisoner, Edward Charles Genter, II appeals from the district court's dismissal,

without prejudice, of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Genter's petition presents one claim—*i.e.*, a fatal variance between the indictment and proof with respect to the conspiracy charge—that was not brought before the state courts. The former Fifth Circuit has held that a federal district court must dismiss without prejudice a § 2254 petition presenting both unexhausted and exhausted claims. *Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978) (en banc). This rule requiring dismissal of mixed petitions has now been adopted as the law of the land. *Rose v. Lundy*, —— U.S. ——, ——, 102 S.Ct. 1198, 1199–1200, 71 L.Ed.2d 379 (1982).

We therefore AFFIRM on the basis of the district court's opinion, which is attached hereto as Appendix A.

APPENDIX A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 80–2949–CIV–EBD

| | |
|---|---|
| EDWARD CHARLES GENTER, II. | ) |
| Petitioner, | ) |
| vs. | )   <u>MEMORANDUM OPINION</u> |
| LOUIE L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, | ) ) |
| Respondent. | ) |
| | ) |

Edward Charles Genter, II, a state prisoner incarcerated at the Avon Park Correctional Institute, has file [sic] a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his convictions for multiple offenses, entered after jury trial in Case No. 76–5597–A, in the Circuit Court of the Eleventh Judicial Circuit of Florida, at Dade County.

For its consideration with this petition, the Court has the respondent's response to an order to show cause and multiple documentary exhibits.

Genter raises two issues in this, his third federal habeas corpus petition, in his own words, as follow:

1. Denial of fair trial in violation of 5th, 6th, and 14th Amendments of the United States Constitution. There was a prejudicial variance between indictment and proof adduced on trial; prejudice compounded by prosecutor misconduct.

2. Denial of counsel of choice without lawful cause. Counsel was arbitrarily discharged by trial court without cause; substitute counsel ineffectual.

The petitioner asserts that he has presented these issues as federal Constitutional issues to the state trial and appellate courts, in unspecified proceedings. The second issue of this petition was raised in Genter's second state motion to vacate, and the deniel [sic] of that motion was affirmed on direct appeal. *Genter v. State*, 377 So.2d 834 (Fla. 3 Dist. 1979).

The respondent correctly notes, however, that the second state motion to vacate, which is the only state proceeding in which an issue of variance between indictment and proof appears, alleges only that the prosecution presented evidence admissable

**936**

to prove conspiracy, which was inadmissible to prove the additional, substantive accusations. In this petition, the first claim is that there was no admissable evidence to support the charge of conspiracy to murder, which was not raised in the second motion to vacate. The first issue of this petition has apparently not been presented to the courts of Florida.

To avoid piecemeal litigation, the Fifth Circuit Court of Appeals has consistently required that state remedies be exhausted as to all issues raised in a federal habeas corpus petition. *Galtieri v. Wainwright,* 582 F.2d 348 (5 Cir. 1978) (*en banc*); *Burroughs v. Wainwright,* [454] 545 F.2d 1165 (5 Cir. 1972); *Meachem [Meacham] v. Beto,* 451 F.2d 187 (5 Cir. 1971); *Garrett v. State of Texas,* 435 F.2d 709 (5 Cir. 1970).

This petition must therefore be dismissed, without prejudice, so that the petitioner may exhaust his remedies in the Courts of Florida prior to instituting further federal proceedings thereon, and a separate Final Judgment to that effect shall be entered.

DONE AND ORDERED at Miami, Florida, this 24th day of April, 1981.

S/ Edward B. Davis
UNITED STATES DISTRICT JUDGE